IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JIMMY W. AMONDS                                                                             PLAINTIFF

v.                          CIVIL NO. 04-2234

JO ANNE B. BARNHART, Commissioner
Social Security Administration                                          DEFENDANT

## **MEMORANDUM OPINION**

Plaintiff Jimmy W. Amonds brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).

**Procedural Background:**

The applications for DIB and SSI presently before this court were filed on September 1, 2002, alleging an inability to work since August 30, 2002, due to degenerative disc disease and chronic back pain. (Tr. 45-47). An administrative hearing was held on October 16, 2003. (Tr. 124-139). Plaintiff was informed of his right to representation but chose to proceed with the hearing on his own. (Tr. 126-127).

By written decision dated December 9, 2003, the ALJ found that plaintiff has an impairment or combination of impairments that are severe. (Tr. 18). However, after reviewing all of the evidence presented, he determined that plaintiff's impairments do not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P,

Regulation No. 4. (Tr. 18). The ALJ found plaintiff retained the residual functional capacity (RFC) to perform the exertional requirements of a full range of sedentary work. (Tr. 18). The ALJ, with the use of the Medical-Vocational Guidelines (Grids), found plaintiff was not disabled. (Tr. 18).

Plaintiff appealed the decision of the ALJ to the Appeals Council. Plaintiff's request for review of the hearing decision was denied on January 23, 2004. (Tr. 4). When the Appeals Council declined review, the ALJ's decision became the final action of the Commissioner. Plaintiff now seeks judicial review of that decision. (Doc. #1). Both parties have submitted appeal briefs and this case is before the undersigned pursuant to the consent of the parties. (Doc. # 13, 14).

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one

2

year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920.

**Discussion:**

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own

3

descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003). "Under this step, the ALJ is required to set forth specifically a claimant's limitations and to determine how those limitations affect her RFC." *Id*.

In the present case, the ALJ determined plaintiff could perform the exertional requirements for a full range of sedentary work. In making this determination, the ALJ appears to be relying on the opinion of Dr. Robert Thompson, a consultative examiner. The ALJ points out Dr. Thompson opined plaintiff is able "to lift 10 pounds frequently and 20 pounds occasionally and to stand and/or walk up to 2 hours in an 8-hour workday with normal breaks." (Tr. 15, 120-123). We are troubled by the ALJ's failure to address Dr. Thompson's opinion that plaintiff could never climb, balance, kneel, crouch, crawl, or stoop. (Tr. 121). Since an ability to stoop occasionally; i.e., from very little up to one-third of the time, is required in most unskilled sedentary occupations, we do not find substantial evidence to support the ALJ's determination that plaintiff is able to perform a full range of sedentary work. *See* SSR 96-9p, 1996 WL 374185, *8.[1] ("A complete inability to stoop would

---

[1] Social Security Rulings are final opinions and statements of policy of the Commissioner of Social Security, binding on all components of the Social Security Administration. 20 C.F.R. § 422.406(b)(1) (1995); *see also Carter v. Sullivan*, 909 F.2d 1201, 1202 (8th Cir. 1990).

4

significantly erode the unskilled sedentary occupational base and a finding that the individual is disabled would usually apply, but restriction to occasional stooping should, by itself, only minimally erode the unskilled occupational base of sedentary work. Consultation with a vocational resource may be particularly useful for cases where the individual is limited to less than occasional stooping").

We believe remand is necessary for the ALJ to address these postural limitations and if needed to obtain updated RFC assessments from Drs. Thompson and W.R. Young. These physicians should be asked to give the objective basis for their opinions so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985). With this evidence, the ALJ should then re-evaluate plaintiff's residual functional capacity and specifically list in the hypothetical to the vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

We do not discount the possibility that, after completing the proceedings on remand, the ALJ may find plaintiff capable of performing work in the local and national economies.

**Conclusion:**

Based on the foregoing, we hereby reverse the decision of the Commissioner and remand this case for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 5th day of December 2005.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)

AO72A
(Rev. 8/82)